UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| H.A., a minor, individually and by her Parent and legal guardian A.D., | Civil No. 10-0733 (JBS/KMW) |
| Plaintiffs, | **OPINION** |
| v. | |
| CAMDEN CITY BOARD OF EDUCATION, | |
| Defendant. | |

APPEARANCES:

Jamie Epstein, Esquire
JAMIE EPSTEIN, ATTORNEY-AT-LAW
1101 Route 70 West
Cherry Hill, NJ  08002
      Attorney for Plaintiffs

Richard L. Goldstein, Esquire
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ  08002
      Attorney for Defendant

SIMANDLE, District Judge:

        This matter is before the Court upon motion of Plaintiffs

for a protective order precluding Defendant, Camden City Board of

Education, from obtaining discovery in this case, pursuant to

Rule 26(c), Fed. R. Civ. P. [Docket Item 16].  The initial

Complaint in this case included claims brought by H.A., a minor,

individually and by her Parent and Legal Guardian A.D. (hereafter

Plaintiff) under the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. § 1401, et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988.  See Complaint [Docket Item 1].

Defendant served Plaintiff with discovery requests on May 6, 2011, consisting of interrogatories and requests for production of documents.  A month later, on June 6, 2011, Plaintiff served this motion for protective order precluding all discovery. Apparently, counsel engaged in discussions that resulted in a stipulation by Plaintiffs withdrawing all claims under 42 U.S.C. §§ 1983 and 1988, while maintaining the IDEA claim and the Rehabilitation Act claim.  [Docket Item 17].  This occurred on June 14, 2011, after Plaintiff had filed this motion for a protective order.  Defense counsel asked for clarification of Plaintiff's position in an exchange of e-mails on June 20, 2011 [Docket Item 18 at Exhibit C], but Plaintiff's offered no explanation.  Defendant's opposition was then filed on June 22, 2011.[1]

_____

[1] Plaintiff immediately opposed the opposition because it was two days late, the due date being June 20, 2011.  See Plaintiff's counsel's letter of June 27, 2011 [Docket Item 20]. Defendant's counsel responded by letter of June 30, 2011 [Docket Item 21] explaining that the first day of delay was due to miscalculation and the second day of delay was due to difficulties on the PACER system which did not permit the filing. The Court accepts these explanations as well as counsel's apology for miscalculating the deadline date and permits the opposition brief to be filed, as no prejudice has been caused to Plaintiff or to the process.  Plaintiff duly submitted her Reply Brief (Docket Item 19) which has been considered.

The issue to be decided, therefore, is whether Plaintiff has shown good cause for a protective order precluding all discovery in this case where two claims remain, the first under the IDEA pertaining to administrative review of an Administrative Law Judge's decision, and the second under Section 504 of the Rehabilitation Act.

## DISCUSSION OF LAW

Under Rule 26(c), Fed. R. Civ. P., a party from whom discovery is sought may, for good cause shown, obtain an order protecting the party against annoyance, embarrassment, oppression, or undue burden or expense occasioned by a disclosure or discovery request.  Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005).  The moving party, here the Plaintiff, bears the burden of establishing entitlement to a protective order.  J.T. Baker, Inc. v. Aetna Cas. & Sur. Co., 135 F.R.D. 86, 90 (D.N.J. 1989).  The rule further provides that such a motion "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Rule 26(c)(1), Fed. R. Civ. P.  Furthermore, Local Civil Rule 37.1(b)(1) likewise includes the requirement that all discovery motions "must be accompanied by an affidavit certifying that the moving party has conferred with the opposing party in a good-

faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement.  The affidavit shall set forth the date and method of communication used in attempting to reach agreement."  Plaintiff has filed no such certification of previous efforts by Plaintiff's counsel to resolve this discovery dispute with defense counsel.

Plaintiff's counsel also incorrectly styles this motion as one for a protective order under Local Civil Rule 5.3.  This Local Civil Rule does not apply to this situation.  Local Civil Rule 5.3 pertains to requests by a party to seal or otherwise restrict public access to materials filed with the court or utilized in connection with judicial decision-making.  <u>See</u> Local Civil Rule 5.3(a)(1).  Plaintiff is not seeking to seal matters upon the record or to restrict public access; Plaintiff instead seeks a protective order that discovery not be had at all, which is within the province of Rule 26(c) and Local Civil Rule 37.1(b)(1).

This case also presents an example where a good-faith effort to resolve this discovery dispute may well have borne fruit and rendered this motion unnecessary.  Even after the motion was filed, defense counsel attempted to have such dialog, to no avail.

The Court would deny the motion for protective order on these grounds alone, especially in light of the fact that

4

Magistrate Judge Williams previously denied Plaintiff's motion for protective order due to failure of the movant's counsel to confer with adverse counsel as required by Local Civil Rule 37.1. (Order of March 28, 2011 at Docket Item 14.)

Rather than dismiss this motion for a third round of briefings, wasting more time and resources, the Court will address the merits because they are so simple.

Plaintiff essentially takes the position that the Court should grant Plaintiff's motion for protective order because additional discovery is unnecessary on this appeal from the administrative record because the Court must give "due weight" to the administrative proceeding record and because the discovery sought in defendant's discovery demand is not necessary for this Court to render an independent judgment.  Plaintiff argues that the administrative record is complete and that the Defendant has not sought leave to submit "additional evidence" into the record, citing the IDEA at 20 U.S.C. § 1415(i)(2)(B)(ii).  This subsection provides that a party has a right to bring a civil action in district court, and that in any such action, the court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(B)(ii).

Whether or not discovery should be permitted with regard to a complaint raising claims solely under the IDEA upon the administrative record is quite beside the point.  The fact is that Plaintiff has seen fit to maintain a second, separate cause of action, arising under Section 504 of the Rehabilitation Act of 1973, and that discovery is appropriate upon the Rehabilitation Act Claim.  Where a Plaintiff brings both a challenge to the Administrative Law Judge's decision under the IDEA and also a Section 504 claim under the Rehabilitation Act, the adversaries are entitled to reasonable discovery as to the Rehabilitation Act claim.  Even if this claim arose solely under the IDEA, discovery as to attorney's fees, which are also sought as a recoverable item, would be permissible.

Plaintiff also argues that because her attorney alleged that Defendant violated both the IDEA and Section 504 of the Rehabilitation Act when filling out the Parental Request Form in the administrative process (Docket Item 19-1), the Defendant's opportunity for Section 504-related discovery elapsed in the administrative process and is unavailable in this civil action. It is a remarkable assertion that a claimant can foreclose discovery on her subsequent civil action's Rehabilitation Act claim simply by mentioning the Rehabilitation Act as another basis for relief in her administrative request, and the Court has unsurprisingly found no case supporting this proposition.  If Plaintiff means to say that her Section 504 claim is identical to

6

the IDEA claim that was before the ALJ, she may so indicate in appropriate discovery responses.

A Rehabilitation Act claim is not an IDEA claim. Congress instead provided that the substantive standards for a claim under the Rehabilitation Act are in many respects identical to those governing a claim under the Americans with Disabilities Act (ADA), see Bragdon v. Abbott, 524 U.S. 624 (1998); Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007); Deane v. Pocono Medical Center, 142 F.3d 138 (3d Cir. 1998) (en banc). Exhaustion of administrative remedies is not required before bringing an action under Section 504 of the Rehabilitation Act, Wilson v. MVM, Inc., 475 F.3d 166 (3d Cir. 2007); New Jersey Protection & Advocacy, Inc. v. New Jersey Dept. of Educ., 563 F. Supp.2d 474 (D.N.J. 2008); M.G. v. Crisfield, 547 F. Supp.2d 399 (D.N.J. 2008). It follows that a party facing a Section 504 claim cannot be foreclosed from obtaining reasonable discovery, notwithstanding whether discovery was available in some form in the administrative process. As Plaintiff's own Complaint acknowledges, "Plaintiffs seek relief in law which is not available pursuant to the administrative procedures available in New Jersey." Complaint ¶ 3. Defendant has the opportunity to explore, through reasonable discovery, what Plaintiff is claiming as the basis of those further areas of relief.

In any event, the Court has reviewed the Defendant's interrogatories and document production requests. The Court

7

finds that the requests are appropriate and that the Plaintiff has the duty to respond to them.  Where a truthful and complete response may be found already in the administrative record, it will be sufficient for Plaintiff to direct Defendant to the document in the record and Plaintiff need not produce another copy of such document.  Plaintiff's response may also include an assertion of privilege with respect to attorney-client communications, such as may be implicated in several of the document requests.  The same is true for any assertion of attorney work-product.

There are also a few items to which Plaintiff has made a specific objection in the motion papers.  First, Plaintiff objects to Interrogatory No. 1 asking Plaintiff to state Plaintiff's age, place of birth, etc.  Plaintiff alleges that such information is exempt from discovery under Rule 26(a)(1)(B)(i) because this is "an action for review on an administrative record."  Plaintiff misreads this rule, which pertains not to discovery but to matters that are exempt from initial disclosure.  In any event, the Section 504 claim is not a matter reviewed upon the administrative record; it may be related to the IDEA claim but counsel has chosen to pursue a separate cause of action with separate procedures and remedies, as is Plaintiff's right.  As a consequence, Plaintiff must provide discovery upon this second claim.

Plaintiff next objects to the second interrogatory, on the ground that it asks Plaintiff to provide educational information that should already be in Defendant's possession.  That response would be sufficient to this interrogatory, if set forth, and if Defendant disputes that assertion, Defendant could move to compel discovery after itself complying with the meet-and-confer rule of Local Civil Rule 37.1(b)(1), _supra_.

Next, Plaintiff objects to Defendant's third interrogatory, which asks Plaintiff to set forth any and all facts upon which Plaintiff intends to rely in support of Plaintiff's appeal of the administrative law judge's decision dismissing Plaintiff's petition based upon Plaintiff's failure to provide a witness list and exhibit packet prior to trial as alleged in Plaintiff's complaint.  Plaintiff takes the position that it has already set forth the basis of its appeal in the complaint.  Again, if such a response is set forth by certification when Plaintiff answers these interrogatories, Plaintiff will be bound by it and it would suffice as an appropriate type of response.

Plaintiff objects to Interrogatory No. 4 which seeks witness information, claiming that it has no witnesses.  Again, this is not a reason for Plaintiff to refuse to respond; it is, rather, information that Plaintiff must set forth in answer to this interrogatory and which will bind Plaintiff through the course of this litigation.

Plaintiff objects to the fifth interrogatory, which seeks the legal and factual basis, including an accounting, of Plaintiff's request for attorney's fees under 42 U.S.C. §§ 1983 and 1988.  Because Plaintiff has withdrawn this claim for attorney's fees under § 1988, this interrogatory has become moot and need not be answered.  Plaintiff must nonetheless answer Interrogatory 7, requiring a full and complete accounting of all attorney's fees and costs which you are claiming in this litigation.  This is because Plaintiff seeks costs and fees under both IDEA and Section 504; discovery of attorney's fees and costs is appropriate at this stage since it is sought as an item of recovery.

Further, Plaintiff objects to Defendant's first through sixth requests for production of documents "because the documents, witness interviews, and expert reports do not exist for this appeal which involves the request to reinstate Plaintiff's petition and find the denial of sanctions was abuse of discretion."  If responsive documents do not exist, then Plaintiff shall so indicate in Plaintiff's response to the request for production of documents and will be bound by this answer.  Otherwise, responsive documents will be supplied.

Finally, Plaintiff seeks this protective order on the ground that the Defendant has failed to seek to introduce "additional evidence" into the administrative record by obtaining leave of court to do so.  Plaintiff's position cannot apply to the Section

504 claim, and Defendant has not yet offered any "additional evidence" to supplement the administrative record.  It should have a reasonable opportunity, through these narrowly tailored interrogatories and document production requests, to determine whether it wishes to seek to introduce "additional evidence" with regard to the IDEA claim, as well as to develop discovery that may lead to admissible evidence regarding the Section 504 claim.


## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a protective order precluding all discovery shall be denied, and Plaintiff shall be compelled to serve responses to the interrogatories and document production requests, consistent with the discussion herein above, within fourteen (14) days of the entry of the accompanying order.


**July 28, 2011**                              **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        U.S. District Judge