```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| H.A., a minor, individually and by her Parent and Legal Guardian A.D., | HON. JEROME B. SIMANDLE |
| | Civil No. 10-0733 (JBS/KMW) |
| Plaintiff, | |
| v. | **OPINION** |
| CAMDEN CITY BOARD OF EDUCATION, | |
| Defendant. | |

APPEARANCES:

Jamie Epstein, Esq.
JAMIE EPSTEIN, ATTORNEY-AT-LAW
1101 Route 70 West
Cherry Hill, NJ 08002
    Attorney for Plaintiff

Richard L. Goldstein, Esq.
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
Woodland Falls Corporate Park
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
    Attorney for Defendant

**SIMANDLE**, Chief Judge:

**I.  INTRODUCTION**

    This matter is before the Court on the cross motions of the parties for summary judgment.  [Docket Items 26 & 28.]  In her Complaint, Plaintiff H.A., a minor, individually and by her parent and legal guardian A.D. (hereafter "Plaintiff") brings claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401, et seq., and Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C. § 794.[1]  See Compl. at ¶ 1. [Docket Item 1.]  In July of 2009, Plaintiff alleges, she filed a due process petition against Defendant Camden City Board of Education with the State of New Jersey Office of Administrative Law alleging various infractions of the IDEA and Section 504 of the Rehabilitation Act.  Id. at ¶ 9.  On October 28, 2009, Plaintiff's petition came before the Honorable John R. Futey, ALJ, who dismissed her petition for failure to comply with a pre-trial order, and denied her motion for sanctions against Defendant for failing to appear at a pre-trial conference.  Ex. B. to Def.'s Motion for Summary Judgment, Oct. 28, 2009 Transcript.  The Complaint seeks relief through only one count, requesting that the Court reverse the decision of the ALJ and to either hear Plaintiffs' petition de novo in this Court, or to remand the petition to the New Jersey Office of Administrative Law to be heard by a different ALJ.

The parties have conducted discovery and now cross-move for summary judgment.  The principal questions to be determined are whether either of the ALJ's determinations in his October 28, 2009 decision should be reversed.  As explained below, because the Court determines that the ALJ's decision should not be

---

[1] Plaintiff's Complaint also indicates that relief would be sought pursuant to the Federal Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, but Plaintiff withdrew her claims under the Civil Rights Act on June 14, 2011.  [Docket Item 17.]

reversed, the Court will grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment.

**II. BACKGROUND**

Plaintiff H.A., at times relevant to this action, was a school-aged child, born in 1994, and domiciled in the City of Camden. Compl. ¶ 5. Plaintiff suffered from certain disabilities, bringing her within the ambit of the IDEA. Id. Plaintiff alleges generally that Defendant Camden City School Board ("CCBE") violated Plaintiff's rights under the IDEA and the Rehabilitation Act by improperly handling various aspects of her individualized education plan ("IEP") and medication. Id. ¶¶ 8-9.

Plaintiff filed a due process petition complaining of these violations on July 2, 2009. Epstein Aff. ¶ 2. On August 21, 2009, an initial hearing was scheduled in Plaintiff's petition before ALJ Futey. Id. ¶ 3; Oct. 29, 2009 Transcript at 1. Plaintiff and her attorney appeared in person before the ALJ on that date, but Defendant's counsel did not initially appear. Transcript at 2. After some effort was made to identify Defendant's counsel, the ALJ was able to reach Defendant's counsel by phone, and the ALJ and the parties engaged in a portion of the scheduled pre-conference and settlement negotiation. Id. The in-person portion of the hearing was

thereafter rescheduled for August 26, 2009.  Id.  The ALJ found, based on the facts of the case, that defense counsel's failure to appear at the August 21, 2009 hearing was inadvertent.  Id. at 6-7.  The ALJ also found that Defense counsel's late appearance by telephone was "satisfactory" to the needs of the court on that day.  Id. at 7.

Plaintiff had arranged travel plans around the August 21, 2009 hearing, costing more than $600.  Epstein Aff. ¶ 4; Transcript at 7.  There is no evidence in the record indicating that rescheduling part of the pre-hearing conference for August 26, 2009 caused any additional expense for Plaintiff or her attorney.  Indeed, the ALJ found that the fact that Plaintiff had incurred travel expenses to attend the August 21, 2009 hearing was unknown to both him and Plaintiff's counsel, and that had Plaintiff's counsel notified him of the expense, he would have "directed the parties accordingly" (which the Court interprets to mean he would have rescheduled the hearing for a date that did not require expensive travel for Plaintiff or otherwise accommodated her travel).  Id. at 7.  Plaintiff later moved for sanctions against Defendant for failure to appear in person at the pre-conference, which the ALJ denied at the October 28, 2009 hearing.  Id. at 7-8.

On August 27, 2009, the ALJ issued an order to both parites, indicating that both parties were to submit to each other and to

4

the ALJ a complete witness list and exhibit list that each party intended to use in the matter by October 16, 2009. Id. at 2. On September 17, 2009, the ALJ extended the deadline to submit such witness and exhibit lists until October 22, 2009. Id. at 3.

Plaintiff's counsel notified Defense counsel on October 20, 2009, that Plaintiff would rely on the Defense counsel's exhibit and witness list, with the exception of also relying on Plaintiff's expert witness and expert report, which Plaintiff's counsel attached for Defense counsel. Id. at 3. Plaintiff's counsel did not, however, notify the ALJ of his intention to rely on the Defendant's witness and exhibit list before October 22, or send to the ALJ Plaintiff's expert's CV and report. Id. Indeed, on October 27, 2009, the day before trial, the ALJ reached out to Plaintiff's counsel to notify him of the absence of his exhibit and witness list. Plaintiff's counsel responded via e-mail by forwarding to the ALJ his e-mail to Defense counsel indicating that he would rely on Defendants' exhibit and witness list with the addition of the expert as a witness and the expert's report and CV as exhibits, but Plaintiff's counsel failed to include a copy of the expert's CV or report in his e-mail to the ALJ. Id. at 3-4. Thus, the ALJ did not have the opportunity to review Plaintiff's expert's CV and report until the actual day of the hearing, six days after the previously extended deadline of October 22, 2009 for Plaintiff's trial submissions.

5

The ALJ explained the significance of being deprived of reviewing Plaintiff's expert report prior to the hearing:

> In receiving the documentation yesterday afternoon I find, for the first time, that there is an expert on behalf of the parent. Yet there is no expert report having been shared with me prior to today, and I am constrained to proceed in any form whatsoever without the benefit of having the opportunity to review such documentation in advance of hearing . . . . in order that I may be as prepared as possible to proceed with the proper handling of this matter at a minimum.

Transcript at 5. The ALJ therefore concluded that Plaintiff's counsel's failure to comply with the ALJ's pre-trial order was not excusable neglect, and found it to be "egregious on its face and it jeopardizes the integrity of this matter." Id. at 6. Consequently, the ALJ dismissed the petition pursuant to N.J. Admin. Code § 1:1-14.14. Id.

Plaintiff filed her Complaint in this matter, appealing the decision of the ALJ on both issues, on February 9, 2010. [Docket Item 1.] Both parties now move for summary judgment.

## III. DISCUSSION

### A. Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where the nonmoving party bears the burden of

6

persuasion at trial, the moving party may be entitled to summary judgment merely by showing that there is an absence of evidence to support an essential element of the nonmoving party's case. Fed. R. Civ. P. 56(c)(1)(B); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

The summary judgment standard does not change when the parties have filed cross-motions for summary judgment. See Appelmans v. City of Phila., 826 F.2d 214, 216 (3d Cir. 1987). Cross-motions for summary judgment:

> are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.

Transportes Ferreos de Venezuela II CA v. NKK Corp., 239 F.3d 555, 560 (3d Cir. 2001) (citing Rains v. Cascade Indus., Inc., 402 F.2d 241, 245 (3d Cir. 1968)).  If review of cross-motions for summary judgment reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts. See Iberia Foods Corp. v. Romeo Jr., 150 F.3d 298, 302 (3d Cir. 1998) (citing Ciarlante v. Brown & Williamson Tobacco Corp., 143 F.3d 139, 145-46 (3d Cir.1988)).

**B.  Analysis**

    1.  <u>ALJ's Dismissal under N.J. Admin Code § 1:1-14.14</u>

Plaintiff initially filed her petition to review Defendant CCBE's implementation of her IEP pursuant to the IDEA and Section 504 of the Rehabilitation Act.  The petition was assigned to ALJ Futey, who dismissed the petition without hearing the merits of the petition, for Plaintiff's failure to comply with an order of the ALJ pursuant to N.J. Admin Code § 1:1-14.4.  Plaintiff thereafter sought judicial review of the ALJ's determination pursuant to the IDEA.

Under the IDEA, any aggrieved party may "present a complaint ... with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6).  The party may elect to have the complaint investigated by the state educational agency, <u>see</u> 34 C.F.R. § 300.661, or avail itself of an "impartial due process hearing," 20 U.S.C. § 1415(f).  Any party aggrieved by the outcome of the due process hearing "shall have the right to bring a civil action with respect to the complaint presented ... in a district court of the United States, without regard to the amount in controversy."  <u>Id.</u> § 1415(i)(2)(A).  The district court is authorized to grant "such relief as the court determines is appropriate," including attorneys' fees, reimbursement for a

private educational placement, and compensatory education.  See id. § 1415(i)(3)(B)(i).

In reviewing an administrative law judge's decision, a district court must employ a modified version of de novo review.  S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 269-70 (3d Cir. 2003).  Under this standard, the court "must make its own findings by a preponderance of the evidence," but "must also afford due weight to the ALJ's determination."  Shore Regional High Sch. Bd. of Educ. v. P.S., 381 F.3d 194, 199 (3d Cir. 2004).  The Third Circuit has explained that due weight means that the "factual findings from the administrative proceedings are to be considered prima facie correct," so that "if a reviewing court fails to adhere to them, it is obliged to explain why."  S.H., 336 F.3d at 270.  In other words, a district court reviewing the administrative fact finder's conclusions is required to defer to the ALJ's factual findings "unless it can point to contrary nontestimonial extrinsic evidence on the record."  Id.

In the instant case, ALJ Futey made the decision that Plaintiff's counsel's failure to provide the ALJ with a copy of his client's expert report and CV prior to the hearing, as expressly ordered by the ALJ, and after counsel had been afforded the opportunity to cure the lateness the day before trial, warranted the sanction of dismissal pursuant to N.J. Admin. Code

§ 1:1-14.14.  This provision of the New Jersey Administrative Code governs the procedural standards for the conduct of cases before the New Jersey Office of Administrative Law.  <u>See generally</u> N.J. Admin. Code §§ 1:1-1.1 to 1:1-21.6.  These provisions of the Administrative Code are to be "construed to achieve just results, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." N.J. Admin. Code § 1:1–1.3(a).  The Code provides the presiding judge with the power to sanction parties and representatives for procedural failings.   Under N.J. Admin. Code § 1:1–10.5, "By motion of a party or on his or her own motion, a judge may impose sanctions pursuant to N.J.A.C. 1:1-14.14 for failure to comply with the requirements of this subchapter. Before imposing sanctions, the judge shall provide an opportunity to be heard."  The referenced sanction section, § 1:1-14.14 states:

> (a) For unreasonable failure to comply with any order of a judge or with any requirements of this chapter, the judge may:
> 1. Dismiss or grant the motion or application;
> 2. Suppress a defense or claim;
> 3. Exclude evidence;
> 4. Order costs or reasonable expenses, including attorney's fees, to be paid to the State of New Jersey or an aggrieved representative or party; or
> 5. Take other appropriate case-related action.

N.J. Admin. Code § 1:1-14.14(a).

This authority has been recognized by New Jersey courts.

"The power of an ALJ to impose sanctions as to a party has been recognized by the Supreme Court. Noting that this sanction power is 'essential to the proper conduct of administrative hearings,' the Supreme Court stated that ALJs must have the power to enforce their directives and control the conduct of the proceedings." In re Timofai Sanitation Co., Inc. Discovery Dispute, 252 N.J. Super 495, 503 (App. Div. 1991) (quoting In re Uniform Admin. Procedure Rules, 90 N.J. 85, 106 (1982)).

The Court interprets the permissive language of § 1:1-14.14 to grant the presiding ALJ the discretion to choose the appropriate sanction based upon the circumstances. See § 1:1-14.14(a) ("For unreasonable failure to comply with any order of a judge . . . the judge may [impose one of an enumerated list of sanctions]") (emphasis added). While New Jersey courts caution that the sanction of dismissal should normally be the sanction of last resort, Irani v. K-Mart Corp., 281 N.J. Super. 383, 387 (App. Div. 1995), courts also review the decision to impose such a sanction for abuse of discretion. Kohn's Bakery, Inc. v. Terracciano, 147 N.J. Super. 582, 585 (App. Div. 1977).

Therefore, in the instant matter, the Court reviews the ALJ's factual findings with deference under the "modified de novo" standard, and reviews the legal decision to impose the discretionary sanction of dismissal for abuse of discretion.

In this case, the ALJ made the factual finding that

Plaintiff's counsel failed to comply with the ALJ's explicit pre-trial order to provide the ALJ with a copy of all exhibits and witness list, principally because Plaintiff's counsel failed to provide the ALJ with a copy of Plaintiff's expert report. Plaintiff failed to submit the expert report before the October 22 deadline and on October 27 when afforded the last-minute opportunity to do so.  The ALJ further found that such failure was without good reason and not attributable to excusable neglect.  The ALJ then decided, based on these facts, and after offering Plaintiff's counsel the opportunity to explain these lapses, to exercise his discretion to impose the sanction of a dismissal without prejudice.  The ALJ explained his reasoning for such an exercise of discretion by pointing to his role as factfinder in the action and his belief that he would be unable to exercise his role adequately without having been able to review a key piece of Plaintiff's evidence.  While the Court is mindful that the sanction of dismissal is usually exercised as a last resort, the Court also recognizes that, given the strict time periods imposed on the hearing deadlines of a due process petition under the IDEA, see e.g. 34 C.F.R. § 300.515, the ALJ was not unreasonable in his conclusion that the sanction of dismissal in this case was the best available option under § 1:1-14.14.

    Plaintiff, in opposition to Defendant's motion to dismiss,

does not provide any evidence contrary to the ALJ's factual findings.  As to the ALJ's exercise of his discretion under § 1:1-14.14, Plaintiff argues principally that the failure of Plaintiff's counsel to comply with the ALJ's order was harmless because the ALJ had already received the <u>Defendant's</u> exhibit and witness list, upon which Plaintiff was also planning to rely.  Plaintiff does not, however, present any argument regarding the principal cause of concern of the ALJ, namely, the failure to provide the expert report and CV in a timely manner.  Consequently, Plaintiff presents the Court with no reason to conclude that the ALJ's concern regarding his ability to assess the report, and his concern regarding the integrity of the hearing, was an abuse of discretion.  The Court therefore cannot find abuse of discretion on the part of the ALJ as to his decision to dismiss the petition.

    2. <u>ALJ's Decision to not Impose Sanctions against CCBE</u>

 Secondly, Plaintiff argues that the ALJ abused his discretion by failing to impose sanctions against the CCBE for its failure to appear in person at the August 21, 2009, conference.  The Court disagrees.  The ALJ found that, unlike Plaintiff's counsel's failure to provide the expert report and CV to the ALJ, the Defendant's counsel's failure to appear in person on August 21 was inadvertent.  The ALJ further found that the Defendant's Counsel's late appearance via telephone on that day

cured the principal timeline-related problems associated with failing to appear in person and enabled the conference to forward.  Finally, the ALJ found that the Plaintiff's cost of travel was not causally related to the Defendant's Counsel's failure to appear, and that therefore the imposition of any sanctions was not warranted.

   Plaintiff argues principally that it was inconsistent of the ALJ to impose the sanction of dismissal for Plaintiff's counsel's failings, but to impose no sanction at all for Defendant's counsel's error.  The Court concludes that the ALJ's reasoning is not inconsistent, as it was based on the respective harm caused by the counsel's errors, and based also on the respective culpability for those mistakes.  While Plaintiff's counsel's failure to comply with the Court's pre-trial order regarding exhibits and witnesses was not an excusable error or otherwise explainable as inadvertence, Defendant's counsel's failure to appear was.  Similarly, Defendant's counsel's failure to appear in person resulted in no fundamental unfairness to the pretrial process as a whole, while Plaintiff's counsel's failure to timely inform the ALJ of the expert's opinion and to permit the ALJ to adequately prepare for the hearing could have.  The Court therefore finds no abuse of discretion on the part of the ALJ for choosing not to impose sanctions against Defendant in his October 28, 2009 decision.

### 3. Summary Judgment against Plaintiff's Rehabilitation Act claim

Next, Defendant requests that the Court grant summary judgment as to Plaintiff's claims under Section 504 of the Rehabilitation Act. Defendant argues that Plaintiff fails to allege any facts in the Complaint sufficient to state a claim for relief under the Rehabilitation Act, much less point to any evidence raising a dispute of fact regarding such claims. Plaintiff responds in opposition that Plaintiff's Complaint incorporated her Section 504 allegations from her due process petition into her Complaint before this Court, and that therefore such claims, bolstered by allegations not contained within the Complaint, should survive Defendant's motion.

The Court disagrees with Plaintiff. Plaintiff's Complaint does not expressly incorporate any allegations from her due process petition.[2] Further, even if Plaintiff had included allegations regarding her Section 504 claim in her Complaint, Plaintiff has pointed the Court to no evidence raising a dispute of fact regarding any necessary element. Indeed, Plaintiff's Complaint seeks no relief regarding any violation of Section 504,

---

[2] Even had Plaintiff expressly incorporated allegations in the petition, the Court doubts that such a reference would be sufficient to survive a motion to dismiss. However, because it need not reach the issue, the Court expresses no opinion regarding whether it would be adequate as a matter of pleading to incorporate factual allegations of wrongdoing into a civil complaint by reference.

15

independent of her claims under the IDEA.  She seeks relief under only one count, which merely asks the Court to reverse the decision of the ALJ.  Accordingly, because the Court has already concluded that it will not reverse the ALJ's decision, the Court sees no reason why claims under Section 504 should survive summary judgment.

### 4. Attorney's Fees as a Prevailing Party

Finally, Defendant asks the Court to dismiss Plaintiff's claims for attorney's fees as a prevailing party under the IDEA.  Defendant argues that fees are only authorized under the IDEA to a prevailing party, and that Plaintiff does not fit the definition of a prevailing party in this case.  See Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128, 131 (3d Cir. 1991).

Plaintiff responds in opposition only that, were she to succeed in the present action, she would qualify as a prevailing party.  Therefore, because the Court has already concluded that Plaintiff will not succeed on any issue in the present action, the Court will grant Defendant's motion as to Plaintiff's claims for prevailing party attorney's fees.

## IV. CONCLUSION

The Court has concluded that neither the ALJ's decision to dismiss Plaintiff's due process petition nor his decision not to impose sanctions on Defendants was an abuse of discretion.

16

Therefore, the Court has concluded that it will not reverse any portion of the ALJ's decision. Additionally, the Court has concluded that Plaintiff's claims under Section 504 of the Rehabilitation Act should not survive the motion to dismiss, as Plaintiff seeks no independent relief through Section 504 that is not sought through the IDEA. Finally, the Court has concluded that Plaintiff is not a prevailing party, and will dismiss Plaintiff's claim for attorney's fees on that basis. The Court will grant Defendant's motion for summary judgment in its entirety and deny Plaintiff's motion in its entirety. The accompanying Order will be entered.

**July 31, 2012**                                   **s/ Jerome B. Simandle**
Date                                                        JEROME B. SIMANDLE
                                                           Chief U.S. District Judge